IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
*************

| | | |
|---|---|---|
| DLJ MORTGAGE CAPITAL, INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL NO.: |
| VS. | ) | |
| | ) | ACTION FOR DEBT AND |
| | ) | FORECLOSURE OF REAL |
| ROBERT L. KING; | ) | PROPERTY MORTGAGE |
| MYTSOOKO KING; | ) | |
| FIRST BANK PUERTO RICO; | ) | |
| INTERNAL REVENUE SERVICE OF | ) | |
| THE UNITED STATES OF AMERICA; | ) | |
| JOHN DOE | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, DLJ MORTGAGE CAPITAL, INC., by and through its undersigned counsel, for its complaint against Defendants ROBERT L. KING, MYTSOOKO KING, FIRST BANK PUERTO RICO, and the INTERAL REVENUE SERVICE of the UNITED STATES OF AMERICA, and states as follows:

### I. PARTIES

1. Plaintiff DLJ MORTGAGE CAPITAL, INC. ("DLJ") is a Delaware corporation with its principal place of business in New York, New York.

2. Defendants ROBERT L. KING and MYTSOOKO KING ("the Kings") are individuals and, upon information and belief, citizens of the United States Virgin Islands for diversity purposes.

3. Defendant FIRST BANK PUERTO RICO ("FIRSTBANK") is a banking

Case: 3:16-cv-00062-CVG-RM   Document #: 1   Filed: 07/28/16   Page 2 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **2** of **11**

institution organized and existing under the law of the Commonwealth of Puerto Rico, acting through its branch office in St. Thomas, United States Virgin Islands.

4. Defendant INTERNAL REVENUE SERVICE of the UNITED STATES OF AMERICA ("IRS") is an agency of the Department of Treasury, Government of the United States. The IRS is named as a Defendant pursuant to 28 V.I.C. § 532 and 28 U.S.C. § 2410(a), because it holds liens against the Defendant(s).

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this matter under 48 U.S.C. § 1612(a) and 28 U.S.C. §§ 1332 and 1348 as complete diversity exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00 exclusive of costs and fees.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) because the properties that are the subject of this action are situated in St. Thomas, United States Virgin Islands and because Defendants are subject to personal jurisdiction in the United States Virgin Islands at the time of the commencement of this suit.

## III. FACTS

7. The Kings are the titleholders of record of the two properties subject to the mortgage at issue in this lawsuit. The legal descriptions of those properties are:

**PARCELS NO. 9-1, 9-2, AND 9-3 ESTATE MARIENDAHL**
**NO. 4 RED HOOK QUARTER**
**ST. THOMAS, VIRGIN ISLANDS**
**AS SHOWN ON PWD MAP NO. D9-6144-T96**
("the Red Hook property")

and

**PARCELS NOS. 13-2 AND 13-3 ESTATE BONNE RESOLUTION**
**NO. 5 LITTLE NORTHSIDE QUARTER**
**ST. THOMAS, VIRGIN ISLANDS**

Case: 3:16-cv-00062-CVG-RM   Document #: 1   Filed: 07/28/16   Page 3 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **3** of **11**

**AS SHOWN ON PWD MAP NO. D9-1093-T72**
("the Northside property")

8.  The Kings took ownership of the Red Hook property by means of a deed dated August 14, 2008, which was recorded in the Office of the Recorder of Deeds for the District of St. Thomas ("the Recorder") on November 5, 2008 as document number 2008010732. A copy of the Red Hook deed is attached as Exhibit A.

9.  The Kings took ownership of the Properties by means of a deed dated August 10, 1988, which was recorded by the Recorder on April 15, 1991, at Book 37-L, Page 416, Doc. No. 1729. A copy of the Northside Deed is attached as Exhibit B.

10. On October 24, 2008, Robert L. King executed and delivered to FIRSTBANK a promissory note (the "Note") obligating him to pay the principal amount of seven hundred fifteen thousand Dollars and No Cents ($715,000.00), together with interest at the rate of 7.5000% per annum. A copy of the Note is attached as Exhibit C.

11. To secure payment of the Note, the Kings executed and delivered to FIRSTBANK a first priority mortgage dated October 31, 2008 (the "Mortgage") over both the Red Hook and the Northside properties. The Mortgage was duly recorded with the Recorder on November 5, 2008 as Document No. 2008010734. A copy of the Mortgage is attached as Exhibit D.

12. The above-described Note and Mortgage were subsequently assigned to Plaintiff, DLJ. A copy of the relevant Assignments of Mortgage are attached hereto and incorporated herein as Exhibit E.

13. The Mortgage provides that the Kings shall pay to the lender the payments that are due under the Note.

14. On or about January 1, 2014, Robert L. King defaulted under the terms and

Case: 3:16-cv-00062-CVG-RM Document #: 1 Filed: 07/28/16 Page 4 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **4** of **11**

conditions of the Note, in that monthly installments of principal and interest became due pursuant to the Note and were unpaid.

15. Likewise, the Kings defaulted under the terms and conditions of the Mortgage, in that monthly installments of principal, interest, and other charges became due pursuant to the Note and Mortgage and remained unpaid.

16. DLJ, through its servicer Select Portfolio Servicing, Inc., gave notice of default to Robert L. King by correspondence dated January 9, 2014, addressed to Robert King at the address(es) last provided, which advised Robert L. King that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien. A copy of this correspondence is attached as Exhibit F.

17. To date, the default has not been cured and Robert L. King remains in default under the terms of the Note.

18. To date, principal, accrued interest, and other amounts remain due and outstanding under the Note.

19. Likewise, to date, the Kings remain in default under the terms of the Mortgage. Pursuant to the terms of the Note and Mortgage, DLJ has elected that the whole principal sum with all unpaid accrued interest shall be immediately due and payable.

20. The Mortgage provides that the lender is entitled to all court expenses, disbursements, and attorneys' fees incurred in collecting the obligation due under the Mortgage.

21. On information and belief, the IRS has filed liens on the subject real properties (both Red Hook and Northside) as follows:

    (a). Defendant IRS may claim or have some interest in or lien or claim upon the
        Properties by virtue of a Federal Tax Lien recorded on January 29, 2015, as

Case: 3:16-cv-00062-CVG-RM   Document #: 1   Filed: 07/28/16   Page 5 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **5** of **11**

Document No. 2015000583, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(b). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on August 7, 2014, as Document No. 2014006324, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(c). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on June 30, 2014, as Document No. 2014005263, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(d). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on April 23, 2014, as Document No. 2014002842, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(e). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on January 23, 2014, as Document No. 201400492, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(f). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on May 3, 2013, as Document No. 2013003403, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(g). Defendant IRS may claim or have some interest in or lien or claim upon the

Case: 3:16-cv-00062-CVG-RM   Document #: 1   Filed: 07/28/16   Page 6 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **6** of **11**

Properties by virtue of a Federal Tax Lien recorded on January 23, 2013, as Document No. 2013000479, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(h). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on October 17, 2012, as Document No. 2012007126, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(i). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on September 7, 2012, as Document No. 2012006236, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(j). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on March 6, 2012, as Document No. 2012001490, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(k). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on December 14, 2011, as Document No. 2011009093, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(l). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on November 21, 2011, as Document No. 2011008578, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

Case: 3:16-cv-00062-CVG-RM Document #: 1 Filed: 07/28/16 Page 7 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **7** of **11**

(m). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on November 21, 2011, as Document No. 2011008577, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(n). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on November 3, 2011, as Document No. 2011008068, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(o). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on November 3, 2011, as Document No. 2011008067, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(p). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on December 2, 2010, as Document No. 2010008547, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(q). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on April 7, 2010, as Document No. 2010002609, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

(r). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on August 20, 2009, as Document No. 2009006217, but any interest is junior, inferior and subordinate to

Case: 3:16-cv-00062-CVG-RM Document #: 1 Filed: 07/28/16 Page 8 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **8** of **11**

    the interest of Plaintiff.

  (s). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on January 5, 2009, as Document No. 2009000012, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

  (t). Defendant IRS may claim or have some interest in or lien or claim upon the Properties by virtue of a Federal Tax Lien recorded on December 18, 2008, as Document No. 2008011890, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

22.  The right to redeem provided for by 28 U.S.C. § 2410 (c), shall not arise in any case in which the subordinate lien or interest of the United States derives from the issuance of insurance under the National Housing Act, as amended [12 U.S.C. § 1701 et seq.].

23.  Defendants, JOHN DOE, may claim an interest in the property being foreclosed by virtue of an unrecorded lease and/or their status as tenant in possession of the property, but any such interest, lien or claim is subject, subordinate and inferior to the right, title, interest and lien of Plaintiff's mortgage herein sought to be foreclosed.

24.  Defendant, FIRSTBANK, may claim or have some interest in or lien or claim upon the Northside property by virtue of a second mortgage Recorded on March 13, 2008, as Document No. 2008002842, subordinated by Subordination of Mortgage as recorded November 5, 2008, as Document No. 2008010729, as amended by Modification of Mortgage recorded January 29, 2013, as Document number 2013000551, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

Case: 3:16-cv-00062-CVG-RM Document #: 1 Filed: 07/28/16 Page 9 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **9** of **11**

## IV. CAUSES OF ACTION

### Count One: Debt

25. DLJ realleges all of the preceding paragraphs and incorporates them by reference.

26. Notwithstanding the demand made therefor by DLJ, the Kings have failed to pay the principal and interest due pursuant to the Note, and there remains past due and owing the total amount of $889,897.36, including principal of $716,230.87, interest of $141,896.78 calculated to July 29, 2016 and other prorated costs and fees, with per diem interest accruing of $145.05, as stated in the Payoff Statement dated July 20, 2016 by Select Portfolio Servicing, Inc., DLJ's authorized loan servicer, a copy of which is attached hereto as Exhibit G.

27. DLJ is entitled to collect all sums due under the Note from King.

28. Under the terms of the Mortgage, DLJ is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with respect to the Property.

29. Under the terms of the Note and Mortgage, DLJ is entitled to be reimbursed for reasonable attorney fees and other expenses incurred by DLJ to enforce payment of the Note or incidental to foreclosure of the Property.

30. The amounts due under the terms of the Note and Mortgage are for a fixed and definite sum, or a sum that by computation can be readily ascertained.

### Count Two: Foreclosure of Real Property Mortgage

31. DLJ realleges all of the preceding paragraphs and incorporates them by reference.

32. DLJ is the holder of the Mortgage, and is entitled to maintain this foreclosure action.

33. DLJ is entitled to foreclosure of its lien upon the property, the sale of the Property

Case: 3:16-cv-00062-CVG-RM Document #: 1 Filed: 07/28/16 Page 10 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **10** of **11**

to satisfy the Note, and the recovery of any deficiency from King. 28 V.I.C. § 531.

34. The Internal Revenue Service and FIRSTBANK are joined as parties claiming a right, title, or interest in the real property described herein by virtue of certain recorded encumbrances listed on the Title Searches for the properties. A copy of the Title Search on the Red Hook property is attached as Exhibit H. A copy of the Title Search on the Northside property is attached as Exhibit I.

## V. PRAYER FOR RELIEF

WHEREFORE, DLJ requests the following relief:

(a). Judgment that Robert L. King is indebted to DLJ under the terms of the Note;

(b). Judgment that Robert L. King has defaulted under the terms of the Note, and that the Robert L. King and Mytsooko King have defaulted under the terms of the Mortgage, thereby entitling DLJ to exercise all of the remedies provided for in those instruments;

(c). Judgment declaring the outstanding unpaid debt due on the Note, including ' principal, interest, costs, expenses and attorney fees;

(d). Judgment against Robert L. King awarding DLJ all amounts declared due on the Note;

(e). Judgment foreclosing the Mortgage Lien;

(f). Judgment ordering that the properties be sold and that DLJ be paid from the proceeds of the sale all amounts due on the Note; including but not limited to any sums that DLJ may pay for insurance premiums, taxes, or other charges with respect to the Property, with interest from the date of payment;

(g). Judgment declaring that the Kings and all persons claiming from and under them are barred and forever foreclosed of all right, title lien, claim, and equity of

Case: 3:16-cv-00062-CVG-RM   Document #: 1   Filed: 07/28/16   Page 11 of 11

DLJ Mortgage Capital v. King, et. al.
Complaint
Page **11** of **11**

redemption in and to the Properties, subject only to the statutory right of redemption except where waived and released;

    (h). Judgment against Robert L. King for any deficiency that may remain after the sale of the Properties;

    (i). An order appointing a receiver, if requested by DLJ, to collect and receive the rents and profits of the Property, if any, during the pendency of this action; and

    (j). Judgment awarding DLJ such other and further relief as this Court deems just and equitable.

DATED: 28th day of July of 2016     Respectfully submitted,

MILLENNIUM PARTNERS

s/ Clyde E. Murphree, Esq.
LEAD ATTORNEY
8168 Crown Bay Marina Ste. 505 #444
St Thomas, VI 00802-5819
Tel: 844-289-5145
Fax: 904-639-6007
Email Service-USVIA@millenniumpartners.net
murph@murphreelaw.com