IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC. ) | |
| ) | |
| Plaintiff, ) | CIVIL NO. 3:16-CV-00062 |
| ) | |
| v. ) | |
| ) | ACTION FOR DEBT AND |
| ROBERT L KING, MYTSOOKO KING, FIRST ) | FORECLOSURE OF REAL |
| BANK PUERTO RICO, THE UNITED ) | PROPERTY MORTGAGE |
| STATES OF AMERICA and JOHN DOE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER AND COUNTERCLAIM

Defendant Mytsooko King, appearing *pro se*, hereby answers plaintiff's complaint as follows:

1. Defendant admits each and every allegation contained in paragraphs numbered 2, 7, 8, 9, 18 and 21 of the complaint.

2. Defendant denies each and every allegation contained in paragraphs numbered 5, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 of the complaint.

3. Defendant lacks information sufficient to form a belief as to the truth or falsity of allegations contained in paragraphs 1, 3, 4, 6, 21a, 21b, 21c, 21d, 21e, 21f, 21g, 21h, 21i, 21j, 21k, 21l, 21m, 21n, 21o, 21p, 21q, 21r, 21s, 21t and 24 of the complaint.

4. Defendant admits the allegations contained in the paragraph 10 but denies that a copy of the Note was attached as Exhibit "C".

1

5. Defendant admits the allegations contained in the paragraph 11 but denies copy of the Mortgage was attached as Exhibit "D".

6. All allegations not hereinbefore, admitted or otherwise controverted are denied.

## AS AND FOR A FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Plaintiff has unclean hands that require the denial of all relief requested and the dismissal of the within action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Plaintiff has misapplied payments made by the Defendant and assessed costs and charges that were ficticious in nature, all to the detriment of the Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has made fraudulent, intentional or negligent misrepresentations to the Defendant upon which Defendant reasonably relied to her detriment by stating Defendant would be granted mortgage relief including interest forgiveness, a lowering of the interest rate and refinance of the loan obligation, knowing that such statements would be relied upon by Defendant, all to her detriment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to bring this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is equitably estopped to assert this foreclosure action on the basis that Plaintiff promised mortgage assistance to the Defendant by way of modification and Defendant did everything required by the Plaintiff to obtain such modification and upon Defendants providing all materials requested, Plaintiff ignored Defendant and by inaction did not fulfill the promise of modification of the terms of the mortgage.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That Plaintiff assured Defendant that the modification of the mrotgage would be granted and that Defendant should suspend further payment until receipt of the new terms, after which payments would resume, where Plaintiff at all times knew that these representations would be relied upon to the detriment of the Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That Plaintiff breached its mortgage contract by imposing forced placed insurance on the Defendant in amounts that were excessive in cost and unnecessary.

## COUNTERCLAIM

Defendant/Counter Plaintiff asserts a complaint as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332 as counter claimant and counter Defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars exclusive of interest and costs.

2. DLJ Mortgage Capital, Inc. has as its agent Select Portfolio Servicing, Inc. (hereinafter SPS) a corporation that collects all payments and services the mortgages on properties described in plaintiff's complaint and owned by Defendants King.

3. That SPS as agent for Plaintiff is authorized to communicate with mortgage debtors and collect all payments due under the terms of mortgage agreements.

4. That in November or December 2014 SPS contacted Defendants about late mortgage payments and pursuant to discussions had between Defendants and SPS representatives it was agreed that Defendant would submit a request for mortgage assistance which would result in a reduction of the interest rate, a lowering of the overall mortgage payment and the elimination of past due interest.

5. That SPS forwarded to Defendant Robert King the Request for assistance documents as agreed and SPS representatives informed Defendant that no further payments should be made pending the mortgage modification.

6. That Defendant Robert King completed the request for mortgage assistance documents and provided all documentation requested by SPS on May 13, 2015 and continued to supplement information as requested by SPS from time to time.

7. That Plaintiff through its representative SPS stated that Defendant would receive a mortgage modification after submitting all required information that lowered the interest rate and would provide a lower monthly mortgage payment.

8. That in reliance on Plaintiff's representations, Defendant did not make additional payments pending the modification and provided all information requested by SPS.

9. That Plaintiff and its representative SPS knew that Defendant would rely on the representations made and that Defendant did so rely to her detriment.

10. That Plaintiff/Counter-Defendant failed to grant a mortgage modification as promised, failed to accept any payments when it became evident that the modification was delayed or would not take place as represented and returned payments to the Defendant in order to increase the amount owed.

11. That Counter-Defendant and its agent SPS charged Counter-Claimant or her account with forced placed insurance and incurred unnecessary and excessive costs for that forced placed coverage all with the purpose of increasing the amount allegedly owed by the Defendant/Counter-Claimant all to her damage.

12. That Plaintiff/Counter-Defendant owed to Defendant/Counter-Claimant a duty of fair dealings and good faith and breached that duty in failing to approve a mortgage modifications after Defendant had done all things and submitted all documentation requested by the Plaintiff/Counter-Defendant.

13. That as a result of the failure of Plaintiff/Counter-Defendant, the Defendant has been denied reasonable access to a modification and has incurred loss and damage including the excess accrual of interest and excessive and costly forced placed insurance.

14. That on information and belief Plaintiff has charged and collected payments from Defendant and applied them unlawfully to attorneys fees, legal fees, late and other charges rather than for the payment of principle and interest all to Counter-Claimants damage.

15. That Plaintiff comes to court with unclean hands and is prohibited by reason thereof from obtaining the equitable relief of foreclosure from this Court.

16. That Plaintiff should be denied foreclosure and the Court should refuse to issue an order in favor, of plaintiff because as a matter of equity the acceleration of the note would be inequitable, unjust and unconscionable, under the circumstances.

WHEREFORE, Defendant requests and prays this Honorable Court grant judgment dismissing the complaint with prejudice, award costs and attorneys fees of this action together with such other and further relief as may seem just, equitable and proper.

DATED: November 29, 2016

_____
MYTSOOKO KING, pro se
P.O. Box 9768
St. Thomas, Virgin Islands 00801
340-776-1014

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on November 29, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Millennium Partners
Murph@murphreelaw.com
8168 Crown Bay Marina Ste. 505 #444
St. Thomas, Virgin Islands 00802-5819

_____

6